UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60566-CIV-SINGHAL

DANIEL CUERVO GONZALEZ,

     Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.,*

     Respondents.

_____/

## ORDER

Petitioner Daniel Cuervo Gonzalez is a Cuban national who entered the country illegally on February 12, 2024.  (DE [8-1]).  Petitioner was detained and immediately placed in removal proceedings.  (DE [8-2]).  He was given a Notice to Appear for February 22, 2027, and he was apparently released.  *Id.*  On November 21, 2025, Border Patrol agents detained Petitioner as they were stopping suspected illegal immigrants.  *Id.*  The Department of Homeland Security charged Petitioner with being present in the country without possession of valid documentation authorizing his presence.  (DE [8-1]).  Petitioner then filed the present Petition for Writ of Habeas Corpus, arguing that he was entitled to release under 8 U.S.C. § 1226(a) and that his detention violated his due process rights.  (DE [1]).  Because Petitioner can be properly detained under 8 U.S.C. § 1225, the Petition (DE [1]) is denied.

    I.    <u>LEGAL STANDARD</u>

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v.*

*Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.      <u>DISCUSSION</u>

Petitioner claims that he has been unlawfully detained without bond, and that he should be released under 8 U.S.C. § 1226.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225.  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026); *Doria v. Warden, Broward Transitional Center*, No. 0:26-cv-60112 (S.D. Fla. Feb. 9, 2026).  Multiple courts of appeals have done the same.  *See Buenrostro-Mendez v. Bondi*, — F.4th —,  2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).   And other district courts have also reached the same conclusion.  *See, e.g.*, *Lopez v. Dir. of Enf't & Removal Operations*, — F. Supp. 3d —, 2026 WL 261938, at *7 (M.D. Fla. Jan. 26, 2026); *Weng v. Genalo*, 2026 WL 194248, at *3 (S.D.N.Y. Jan. 25, 2026).  This case is no different.  Petitioner entered the country illegally, and although he applied for admission, he was never admitted.  (DE [8-2).  The government may, under the present statutory scheme, detain Petitioner under  § 1225(b)(2) pending removal.

Petitioner's due process arguments are similarly of no avail.  *See, e.g.*, *Morales*, 2026 WL 236307, at *9.  The "[Supreme] Court has recognized detention during

deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523, 529-31 (2003). "[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner here has been detained for five months. (DE [8-1]). Because the Supreme Court has upheld the constitutionality and lawfulness of detention without bond for up to six months, Petitioner's due process rights have not been violated.

III.     CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2) and does not violate his due process rights. Petitioner is not entitled to release or a bond hearing pending removal. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of April 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF